**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CURT COTTER,**

      **Plaintiff,**

                                      **CASE NO.:**

**vs.**

**GRAND CANYON EDUCATION,**
**INC., A FOREIGN PROFIT**
**CORPORATION,**

      **Defendant.**

_____ /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, CURT COTTER ("Plaintiff"), by and through his undersigned counsel, and sues the Defendant, GRAND CANYON EDUCATION, INC. a foreign profit corporation ("Defendant") and alleges the following:

1.      Plaintiff brings these claims for disability discrimination against Defendant for its unlawful termination of Plaintiff based upon his disability, or "perceived disability," in violation of the Florida Civil Rights Act, Chapter 760, FLA. STAT. ("FCRA"), and the Americans with Disabilities Act of 1990, as amended. *42 U.S.C. § 12101 et seq.* ("ADA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

2.      Plaintiff also brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

**JURISDICTION**

3.       The Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 *et seq.* The Court has supplemental jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1367, as this claim is so related to Plaintiff's ADA claim that it forms part of the same case or controversy. Specifically, Plaintiff was discriminated against and treated differently than other employees solely because of his disability, and/or "perceived disability."

4.       The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

**VENUE**

5.       Venue is proper because Defendant conducts substantial business in Orange County, Florida, and Plaintiff worked for Defendant in Orange County, Florida, where the actions at issue took place.

**PARTIES**

6.       Plaintiff is a disabled male. During all times relevant, Plaintiff lived in Orange County, Florida. Plaintiff is protected by the FCRA and ADA because:

         a.       Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

         b.       Plaintiff suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

7.       Defendant was at all material times an "employer" as envisioned by the ADA as well as §760.02(7), FLA. STAT.

2

**CONDITIONS PRECEDENT**

8.      Plaintiff, on or about August 19, 2019, dual filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant.

9.      On October 23, 2019, The EEOC's Notice of Right to Sue was received, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

10.     Plaintiff timely files this action within the applicable period of limitations against Defendant.

11.     All conditions precedent to this action have been satisfied and/or waived.

**FMLA COVERAGE**

12.     At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce, and employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks.

13.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

**GENERAL ALLEGATIONS**

14.     Plaintiff worked for Defendant from April 5, 2012, until his unlawful termination on January 3, 2019.

15.     Defendant hired Plaintiff as a University Development Representative.

16.     About six (6) years later, on September 26, 2018, Plaintiff was promoted to University Development Manager.

17.     However, as soon as Regional Vice President, Jaime Leonard, noticed Plaintiff's disability, she immediately demoted him to University Counselor in early December 2018.

18.     During his employment, Plaintiff was an exceptional employee, with no significant history of disciplinary, performance, or attendance issues.

19.     Unfortunately, Plaintiff was diagnosed with skin cancer.

20.     As such, in November 2018, Plaintiff began chemotherapy treatment for same.

21.     After suffering from terrible side effects that are common to those undergoing chemotherapy, Plaintiff requested intermittent FMLA on or around January 1, 2019, for the continuing flare-ups from which he was suffering.

22.     In violation of the law, Defendant terminated Plaintiff's employment two (2) days after requesting FMLA leave for his serious medical condition.

23.     Plaintiff's cancer diagnosis and FMLA-protected leave to undergo related treatments was the only factor in the changed behavior of Defendant.

24.     This, of course, violates the ADA/FCRA. *See* 42 U.S.C. § 12102.

25.     Around November 2018, Defendant's management's demeanor toward Plaintiff completely changed after he attended a regional meeting in Arizona.

26.     During this meeting, Plaintiff met with Regional Vice President, Jaime Leonard, who gave Plaintiff a vexed look when she noticed his forehead lesion (where his skin cancer was located).

27.     Soon after the regional meeting, Ms. Leonard called Plaintiff and informed him that he was being demoted to a phone sales position, also known as, University Counselor.

28.     Ms. Leonard gave Plaintiff an ultimatum of either taking the job or leaving the company.  No reason for the demotion was provided.

29.     As such, Plaintiff had no other choice but to take the demotion, despite his recent stellar performance as University Development Manager.

30.     Ms. Leonard never inquired into Plaintiff's lesion, but she clearly took issue with same because there was no other reason to demote Plaintiff as he was exceeding expectations at that time.

31.     On January 3, 2019, Ms. Leonard called Plaintiff and terminated his employment with Defendant, reasoning that Plaintiff made an alleged "off-color" comment on a phone call with two (2) students, and then specified that he failed to enroll those two (2) students.

32.     However, Plaintiff was unable to officially enroll one student because the student called and withdrew her enrollment because she was pregnant, which of course is out of Plaintiff's control.

33.     The other student referenced lived in a zip code that Defendant made clear to employees it does not cover; or in other words, Defendant refused to enroll individuals who lived in this specific zip code.

34.     Plaintiff's direct supervisor informed him that Defendant did not enroll individuals in that zip code because those residents allegedly had a propensity to defraud the government.

35.     As such, Plaintiff only followed Defendant's management's orders with regard to this student.

36.     In reality, Defendant found Plaintiff's serious medical condition problematic and inconvenient, and concocted a pretextual reason to terminate his

employment.

37.     Defendant's actions were specifically targeted toward Plaintiff following his request for, and use of, FMLA leave and disclosure of his cancer diagnosis.

38.     Defendant intended to penalize Plaintiff for his request for, and use of, FMLA leave and disclosure of his cancer diagnosis.

39.     Such unfair employment practices are precisely the type of interference and retaliation the FMLA intended to prevent. *See* 29 C.F.R. 825.220.

40.     In all respects, Defendant failed to comply with 29 U.S.C. § 2601, *et seq.*, because Plaintiff validly exercised his rights pursuant to the FMLA and Defendant interfered with Plaintiff's right to take FMLA leave and retaliated against him because he attempted to take FMLA-approved leave to care for his serious medical health condition.

41.     In the alterative, Plaintiff's medical condition and need for FMLA leave were a motivating or substantial factor in the disparate and negative actions taken by Defendant against him.

42.     The timing of Defendant's decision to terminate Plaintiff demonstrates that its actions were intended to retaliate against a loyal and dependable employee who attempted to avail himself of FMLA/ADA/FCRA protections.

43.     Despite the availability of reasonable accommodation under the ADA and FCRA, and despite the fact that Plaintiff would not be prevented by his disability to any degree in performing his duties, Defendant discriminated against Plaintiff based solely upon his disability.

44.     Plaintiff is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of his job as an electrician's apprentice.

45.     Plaintiff did not need, or seek, any accommodation so drastic, which would not have imposed any undue hardship on Defendant.

46.     By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the Florida Civil Rights Act.

47.     "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B)

48.     At all material times hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

49.     Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

50.     Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

51.     Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

52.     Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA.

53.     Defendant does not have a non-discriminatory rationale for terminating Plaintiff's employment.

54.     Plaintiff was a disabled individual, or otherwise perceived as disabled by

Defendant, during his employment.  Therefore, he is the member of protected classes as envisioned by the ADA and the Florida Civil Rights Act.

55.     Plaintiff suffered sufficiently severe and pervasive treatment, and ultimate termination, because of his disability and/or "perceived disability."

## COUNT I:

### AGAINST DEFENDANT FOR DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

56.     Plaintiff realleges and adopts the allegations contained in paragraphs 1-56 as if fully set forth in this Count.

57.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination/harassment under the ADA.

58.     The discrimination/harassment to which Plaintiff was subjected was based on his disability and/or "perceived disability."

59.     The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

60.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

61.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

62.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT I

WHEREFORE, Plaintiff prays that this Court will:

63.    Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADA;

64.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

65.    Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

66.    Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADA.

67.    Provide any additional relief that this Court deems just.

## COUNT II:

## AGAINST DEFENDANT FOR DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

68.    Plaintiff realleges and adopts the allegations contained in paragraphs 1-56, as if fully set forth in this Count.

69.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, FLA. STAT.

70.    The discrimination to which Plaintiff was subjected was based on his disability, or "perceived disability."

71.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future

pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

72.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

73.     Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), FLA. STAT.

74.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiff prays that this Court will:

75.     Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

76.     Requiring that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

77.     Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

78.     Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), FLA. STAT.; and

79.     Provide any additional relief that this Court deems just and appropriate.

**COUNT III:**

**AGAINST DEFENDANT FOR UNLAWFUL INTERFERENCE/RETALIATION
UNDER THE FMLA**

80.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-56 above.

81.     At all times relevant hereto, Plaintiff was protected by the FMLA as he suffered from a serious health condition and/or chronic serious health condition as defined by the FMLA.

82.     At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff because Plaintiff duly exercised his rights to take leave from work under the FMLA.

83.     As a result, Plaintiff was terminated by Defendant.

84.     At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff in violation of the FMLA, as it discharged Plaintiff for necessitating FMLA-protected leave in violation of the Act.

85.     At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA.

86.     At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to discriminate/retaliate against Plaintiff because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

87.     As a result of Defendant's intentional, willful and unlawful acts by discriminating and retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

88.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled

to liquidated damages.

WHEREFORE Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 30th day of December 2019.

Respectfully submitted,

<u>/s Noah E. Storch</u>
Noah E. Storch, Esquire
Florida Bar No. 0085476
E-mail: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
*Counsel for Plaintiff*